**2211-CC01189**

Electronically Filed - St Charles Circuit Div - December 29, 2022 - 08:55 AM

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| JOHN K. DOUTHIT and<br>DIANNA L. DOUTHIT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No: |
| vs. | ) | |
| | ) | Division: |
| SHEPPARD, MORGAN & SCWAAB,<br>INC., | ) | |
| | ) | |
| **Serve Registered Agent:** | ) | **JURY TRIAL DEMANDED** |
| CT Corporation System | ) | |
| 120 South Central Ave. | ) | |
| Clayton, Missouri 63105 | ) | |
| | ) | |
| Defendant. | ) | |

## *PETITION*

COME NOW, Plaintiffs John K. Douthit and Dianna L. Douthit ("Plaintiffs"), by and through counsel, and for their Petition against Defendant Sheppard, Morgan & Schwaab, Inc. ("Defendant Sheppard"), hereby states as follows:

### *PARTIES*

1.    Plaintiffs are residents of St. Charles County, Missouri.

2.    Defendant Sheppard is an Illinois corporation registered to do business in Missouri with its principal place of business located at 215 Market Street, Alton, Illinois 62002.

3.    Defendant Sheppard is currently doing business in Missouri in good standing.

### *JURISDICTION AND VENUE*

4.    This Court has personal jurisdiction over Defendant Sheppard because Defendant Sheppard regularly conducts business within the State of Missouri and provided land

Electronically Filed - St Charles Circuit Div - December 29, 2022 - 08:55 AM

surveying services to Plaintiffs in St. Charles County, Missouri, from which the causes of action asserted herein arise.

5.    Venue is proper in this Court because the causes of action asserted herein arose from the land surveying services Defendant Sheppard provided to Plaintiffs located in St. Charles County, Missouri.

## *FACTUAL BACKGROUND*

6.    On or about March 14, 2003, Plaintiffs purchased land located at 7055 Portage Road, Portage Des Sioux, Missouri 63373.

7.    Within a year after Plaintiffs purchased the property, they began renovating a pre-existing structure and proceeded construct additions upon that structure in order to build a dream home in which they planned to retire (the "Home").

8.    Prior to and during the renovation and construction process, Plaintiffs hired Defendant Sheppard to perform certain land surveying services, including determining the building, flood, and land grade elevation levels of the property relative to Plaintiff's Home.

9.    The land surveying services performed by Defendant Sheppard were necessary for Plaintiffs to renovate and construct their Home.

10.    Upon rendering said land surveying services, Defendant Sheppard issued to Plaintiffs multiple Federal Emergency Management Agency National Flood Insurance Program Elevation Certificates ("FEMA Certificate(s)"), which certified to Plaintiffs the building, flood, and land grade elevation levels of the property relative to their Home.

11.    The FEMA Certificates issued by Defendant Sheppard certified and represented to Plaintiffs that the Base Flood Elevation of the property (the "BFE") was 439.6 feet and the top-of-bottom-floor elevation ("TBF") of the home was 445.5 feet.

Electronically Filed - St Charles Circuit Div - December 29, 2022 - 08:55 AM

12.    In reliance upon the BFE, TBF, and other building, flood, and land grade elevation levels calculated by Defendant Sheppard, Plaintiffs obtained building permits and began constructing the Home at an elevation several feet above what they believed to be the true BFE.

13.    At the levels calculated by Defendant Sheppard and represented to Plaintiffs as true, Plaintiffs' Home would have been constructed above the BFE.

14.    On or about December 14, 2014, Plaintiffs substantially completed the construction of their Home so as to be able to move in and begin occupying it with their family.

15.    Between November 2018 and the end of April 2019, Defendant Sheppard rendered additional land surveying services to Plaintiffs.

16.    The additional land surveying services performed by Defendant Sheppard between November of 2018 and April of 2019 included, *inter alia*, researching records; conferring with Plaintiffs regarding the building, flood, and land grade elevation levels of the property; conducting a quality assessment and quality control review of the property; re-evaluating the building, flood, and land grade elevation levels relative to the Home; and issuing updated FEMA Certificates to Plaintiffs.

17.    During its re-evaluation of the building, flood, and land grade elevation levels of the property, Defendant Sheppard realized that it previously miscalculated the elevation levels identified in the original FEMA Certificates it issued to Plaintiffs prior to and during the time Plaintiffs were renovating and constructing their Home.

18.    During its re-evaluation between November of 2018 and April of 2019, Defendant Sheppard realized that the true building, flood, and land grade elevation levels of the property were in actual reality several feet—in some cases upwards of five feet—lower

Electronically Filed - St Charles Circuit Div - December 29, 2022 - 08:55 AM

than the elevation levels previously represented to Plaintiffs as true, and that Plaintiffs, relying upon Defendant Sheppard's previous measurements, had actually constructed the Home below the BFE.

19.    After learning that it miscalculated the building, flood, and land grade elevation levels of the property relative to the Home, Defendant Sheppard proceeded to withhold this information from Plaintiffs for a period of time.

20.    By failing to timely disclose and/or concealing information pertaining to the true building, flood, and land grade elevation levels of the property relative to the Home, Defendant Sheppard prevented Plaintiffs from taking necessary and foreseeable measures to protect their Home from future flooding events.

21.    Then, in or about June of 2019, a series of significant flooding events occurred on the property which resulted in large quantities of water flowing into Plaintiffs' Home causing significant property damage.

22.    An inspector from the Building and Code Enforcement Division of the St. Charles County Department of Community Development came out to the property to inspect the damage to the Home in or about early July of 2019.

23.    According to the inspector's report, the depth of flood water above the lowest floor in the Home had reached heights of approximately three feet.

24.    Plaintiffs were informed by the St. Charles County Department of Community Development that the Home sustained flood damage equal to or exceeding 50% of its pre-damage structure market value. *See* Exhibit A, Correspondence from St. Charles County.

Electronically Filed - St Charles Circuit Div - December 29, 2022 - 08:55 AM

25. The St. Charles County Department of Community Development further advised Plaintiffs that they would need to bring the Home into compliance with local ordinances requiring that the Home be removed from where it was located on the property or have the lowest floor of the Home elevated to a minimum of one foot above the BFE. *See* Ex. A.

26. As a direct and proximate result of the inaccurate building, flood, and land grade elevation levels represented to Plaintiffs by Defendant Sheppard, Plaintiffs renovated and constructed their Home below the BFE and at a true height several feet lower than the height Plaintiffs believed the Home was being constructed.

27. As a direct and proximate result of Defendant Sheppard's failure to timely disclose and/or concealment of the miscalculated building, flood, and land grade elevation levels applicable to the home during its re-evaluation between November of 2018 and April of 2019, Plaintiffs had insufficient time to undertake necessary and foreseeable preventative actions or other remedial measures to protect the Home from flooding, including, but not limited to, the flooding in 2019.

28. As a direct and proximate result of Defendant Sheppard's conduct, Plaintiffs have incurred significant repair, replacement, and renovation costs associated with the property damage flowing from the flooding in 2019 as well as costs associated with protecting the Home from future flooding events.

29. As a direct and proximate result of Defendant Sheppard's conduct, Plaintiffs must now move the Home to a new location or raise the Home at least one foot above the BFE in order to comply with local ordinances at a significant cost to Plaintiffs (*see* Ex. A); until this can be done, Plaintiffs' Home is at a continuous risk of flooding and further property damage.

Electronically Filed - St Charles Circuit Div - December 29, 2022 - 08:55 AM

30.     As a direct and proximate result of Defendant Sheppard's conduct, Plaintiffs' Home has experienced significant diminution in value, in that the Home is effectively uninsurable due to the cost of flood insurance and because the Home is currently unsellable due to the cost of insurance, because the Home must now be either raised or moved from its current location, and because no matter what action is taken by Plaintiffs to address the issue, they must advise a prospective purchaser that the Home has flooded and needs to be/has been raised, thereby quilting the Home with a stigma.

31.     As a direct and proximate result of Defendant Sheppard's conduct, Plaintiffs have sustained damages in excess of $25,000 in an amount to be proven at trial.

### COUNT I – NEGLIGENT PERFORMANCE OF LAND SURVEYING SERVICES
### (BETWEEN 2003 AND 2004)

32.     Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 31 as if fully re-stated herein.

33.     Defendant Sheppard owed duties to Plaintiffs to plan and perform its land surveying services according to and in conformance with the standard of care applicable to professional land surveyors and the land surveying industry.

34.     Defendant Sheppard owed a duty to Plaintiffs to determine, certify, and represent to Plaintiffs precise, accurate, and reliable building, flood, and land grade elevation levels.

35.     Defendant Sheppard breached the duties of care it owed to Plaintiffs by, among other things, negligently:

    A.     miscalculating and providing to Plaintiffs imprecise, inaccurate, and unreliable BFE, TBF, and other building, flood, and land grade elevation levels of the property relative to the Home prior to and during the time Plaintiffs were constructing and renovating their Home;

Electronically Filed - St Charles Circuit Div - December 29, 2022 - 08:55 AM

B.    failing to use proper land surveying techniques and processes when determining the building, flood, and land grade elevation levels of the property relative to the Plaintiffs' Home;

C.    ensuring that accurate BFE, TBF, and other building, flood, and land grade elevation levels were included in the FEMA Certificates issued to Plaintiffs, as well as accurately represented in other documents and records provided to Plaintiffs, prior to and during the renovation and construction of Plaintiffs' Home; and

D.    otherwise ensuring that its land surveyors met the professional standard of care owed to Plaintiffs when rendering its land surveying services.

36.    The parties understood that Plaintiffs would rely on Defendant Sheppard to determine, certify, and represent to Plaintiffs building, flood, and land grade elevation levels that were precise, accurate, and reliable so that Plaintiffs could renovate and construct their Home at a height safely above the BFE, comply with local St. Charles County ordinances regulating building elevations and 100-year floodplains, and purchase flood insurance that is not cost prohibitive.

37.    Plaintiffs did in fact rely on the building, flood, and land grade elevation levels determined by, certified, and represented to them as true by Defendant Sheppard prior to and during their renovation and construction of the Home.

38.    As a direct and proximate result of Defendant Sheppard's negligent performance of its land surveys prior to and during the renovation and construction of Plaintiffs' Home, Plaintiffs sustained significant damages, including, but not limited to, physical damage to their Home in the form of significant flood-related damage; physical damage to personal property and effects within their Home caused by flooding; diminution in the value of their Home, including its un-insurability; complying with local ordinances requiring Plaintiffs to either move their Home entirely or raise it above the BFE; and subjecting Plaintiffs to further and continuous risk of future flooding events.

Electronically Filed - St Charles Circuit Div - December 29, 2022 - 08:55 AM

WHEREFORE, as to Count I of this Petition, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendant Sheppard and award Plaintiffs compensatory damages in an amount in excess of $25,000, the exact amount of which will be determined at trial, together with interest, court costs, and for any such other and further relief that this Court deems just and proper under the circumstances.

### COUNT II – NEGLIGENT PERFORMANCE OF LAND SURVEYING SERVICES (BETWEEN 2018 AND 2019)

39. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 31 as if fully re-stated herein.

40. Between November 2018 and the end of April 2019, Defendant Sheppard returned to the property to perform additional land surveying services pursuant to an oral agreement with Plaintiffs.

41. The land surveying services performed by Defendant Sheppard included re-evaluating the building, flood, and land grade elevation levels of the property relative to Plaintiffs' Home.

42. Sometime between the Fall of 2018 and the Spring of 2019, Defendant Sheppard realized that it significantly miscalculated the elevation levels it previously represented to Plaintiffs prior to and during the time Plaintiffs were renovating and constructing the Home.

43. Plaintiffs were not timely informed of the true building, flood, and land grade elevation levels of the property relative to their Home following the land surveying services performed by Defendant Sheppard between November of 2018 and April of 2019.

44. Defendant Sheppard owed duties to Plaintiffs to plan and perform the land surveying services it provided to Plaintiffs between November of 2018 and April of 2019 in accordance and conformity with the standard of care applicable to professional land surveyors and to the land surveying industry.

45.    Defendant Sheppard owed a duty to Plaintiffs to timely disclose any prior miscalculations related to the building, flood, and land grade elevation levels of the property.

46.    Defendant Sheppard breached the duties of care it owed to Plaintiffs by, among other things, negligently:

A.    failing to timely disclose to Plaintiffs its prior miscalculations concerning the building, flood, and land grade elevation levels of the property upon learning that the original elevation levels represented to Plaintiffs were significantly imprecise, inaccurate, and unreliable; and

B.    otherwise ensuring that its land surveyors met the standard of care owed to Plaintiffs when rendering its land surveying services to them.

47.    As a direct and proximate result of Defendant Sheppard's negligence as stated above, and in reliance thereon, Plaintiffs had insufficient time to undertake necessary and foreseeable preventative action or other remedial measures to protect their Home from flooding, including, but not limited to, the flooding in 2019.

48.    As a direct and proximate result of Defendant Sheppard's failure to timely disclose the true building, flood, and land grade elevation levels of the property, Plaintiffs sustained significant damages, including, but not limited to, physical injury to their Home in the form of significant flood damage; physical damage to personal property and effects within their Home caused by flooding; diminution in the value of their Home, including its un-insurability; complying with local ordinances requiring Plaintiffs to either move their Home entirely or raise it above the BFE; and subjecting Plaintiffs to further and continuous risk of future flooding events.

WHEREFORE, as to Count II of this Petition, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendant Sheppard and award Plaintiffs compensatory damages in an amount in excess of $25,000, the exact amount of which will be

Electronically Filed - St Charles Circuit Div - December 29, 2022 - 08:55 AM

determined at trial, together with interest, court costs, and for any such other and further relief that this Court deems just and proper under the circumstances.

### COUNT III – NEGLIGENT MISREPRESENTATION (BETWEEN 2003 AND 2004)

49.  Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 31 as if fully re-stated herein.

50.  Defendant Sheppard made a number of oral and written representations to Plaintiffs prior to and during the renovation and construction of Plaintiffs' Home concerning the BFE, TBF, and other building, flood, and land grade elevation levels of the property.

51.  In addition to oral assurances on the part of Defendant Sheppard that the building, flood, and land grade elevations levels it calculated were accurate, these representations were reduced to writing when Defendant Sheppard issued FEMA Certificates to Plaintiffs.

52.  The FEMA Certificates certified and represented to Plaintiffs as true the elevation levels identified therein.

53.  The representations made to Plaintiffs by Defendant Sheppard were supplied during the course of Defendant Sheppard's business, specifically while performing its land surveying services prior to and during the renovation and construction of Plaintiff's Home and in issuing the FEMA Certificates to Plaintiffs.

54.  As a result of Defendant Sheppard's failure to exercise reasonable care in performing its land surveying services to Plaintiffs, the BFE, TBF, and other building, flood, and land grade elevation levels of the property relative to Plaintiff's Home were severely miscalculated.

55.  The building, flood, and land grade elevation information represented to Plaintiffs by Defendant Sheppard were provided to Plaintiffs pursuant to an agreement between the

Electronically Filed - St Charles Circuit Div - December 29, 2022 - 08:55 AM

parties as well as for guidance and Plaintiffs' use relative to the height at which their Home should constructed to avoid construction below the BFE.

56. The BFE, TBF, and other building, flood, and land-grade elevation levels were also certified and represented to Plaintiffs so that Plaintiffs could purchase flood insurance that is not cost prohibitive.

57. Defendant Sheppard understood that Plaintiffs would rely on Defendant Sheppard to determine, certify, and represent to Plaintiffs precise, accurate, and reliable building, flood, and land grade elevation information so that Plaintiffs could construct their Home at a height safely above the BFE of the property, comply with local ordinances regulating building elevations and 100-year floodplains, and purchase flood insurance that is not cost prohibitive.

58. Plaintiffs did in fact rely on the building, flood, and land grade elevation levels determined, certified, and represented to them as true by Defendant Sheppard to renovate and construct their Home at a height at which Plaintiffs believed was several feet above the BFE.

59. As a direct and proximate result of Defendant Sheppard's negligent misrepresentations, Plaintiffs constructed their Home at an elevation that is several feet lower than what was certified and represented to them as true.

60. The erroneous building, flood, and land grade elevation levels represented to Plaintiffs by Defendant Sheppard resulted in the renovation and construction of Plaintiffs' Home below the BFE.

61. Due to Defendant's Sheppard's misrepresentations, Plaintiffs' Home is now constantly subject to flooding, including, but not limited to, the flooding in 2019 as well as future flooding events.

Electronically Filed - St Charles Circuit Div - December 29, 2022 - 08:55 AM

62.    As a direct and proximate result of Defendant Sheppard's negligent misrepresentations concerning the building, flood, and land grade elevation levels provided to Plaintiffs prior to and during the construction and renovation of their Home, Plaintiffs sustained significant damages, including, but not limited to, physical damage to their Home in the form of significant flood damage; physical damage to personal property and effects within their Home caused by flooding; diminution in the value of their Home, including its un-insurability; complying with local ordinances requiring Plaintiffs to either move their Home entirely or raise it above the BFE; and subjecting Plaintiffs to further and continuous risk of future flooding events.

WHEREFORE, as to Count III of his Petition, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendant Sheppard and award Plaintiffs compensatory damages in an amount in excess of $25,000, the exact amount of which will be determined at trial, together with interest, court costs, and for any such other and further relief that this Court deems just and proper under the circumstances.

### COUNT IV – NEGLIGENT MISREPRESENTATION (BETWEEN 2018 AND 2019)

63.    Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 31 as if fully re-stated herein.

64.    Between November 2018 and the end of April 2019, Defendant Sheppard entered into a business transaction with Plaintiffs pursuant to which Defendant Sheppard provided land surveying services to Plaintiffs.

65.    The land surveying services performed by Defendant Sheppard included re-evaluating the building, flood, and land grade elevation levels of the property relative to Plaintiffs' Home.

Electronically Filed - St Charles Circuit Div - December 29, 2022 - 08:55 AM

66.   Sometime between the Fall of 2018 and the Spring of 2019, Defendant Sheppard realized that it significantly miscalculated the elevation levels it previously represented to Plaintiffs prior to and during the time Plaintiffs were renovating and constructing their Home.

67.   Defendant Sheppard had superior knowledge and information relative to Plaintiffs regarding the true building, flood, and land grade elevation levels of the property, in that Defendant Sheppard was specifically hired, as professionals, to determine the measurements pursuant to the land surveying services it agreed to provide to Plaintiffs.

68.   Having performed land surveying services for Plaintiffs in the past, Defendant Sheppard knew, or reasonably should have known, that Plaintiffs expected and needed to promptly obtain information regarding the true building, flood, and land grade elevations of the property relative to their Home in order to undertake necessary and foreseeable efforts to protect the Home from flooding and to comply with St. Charles County ordinances regulating building elevations and 100-year floodplains.

69.   Defendant Sheppard was under a duty to exercise reasonable care, as professional land surveyors, to promptly disclose to Plaintiffs the true building, flood, and land grade elevation levels relative to Plaintiffs' Home in light of its superior knowledge of such information.

70.   After Defendant Sheppard performed its land surveying services between November 2018 and April 2019, Plaintiffs contacted Defendant Sheppard on numerous occasions to obtain the results of the land surveys, including information pertaining to the applicable building, flood, and land grade elevations relative to their Home and the issuance updated FEMA Certificates.

Electronically Filed - St Charles Circuit Div - December 29, 2022 - 08:55 AM

71.    Defendant Sheppard failed to timely disclose information to Plaintiffs regarding the true building, flood, and land grade elevations of the property relative to Plaintiffs' Home after learning the true measurements.

72.    Because Defendant Sheppard failed to timely disclose its prior miscalculations concerning the building, flood, and land grade elevations relative to Plaintiffs' Home, Plaintiffs had insufficient time to undertake necessary and foreseeable preventative actions or other remedial measures to protect the Home from flooding, including, not limited to, the flooding in 2019.

73.    As a direct and proximate result of Defendant Sheppard's failure to timely disclose the true building, flood, and land grade elevations of the property, Plaintiffs sustained damages, including, but not limited to, physical damage to their Home in the form of significant flood damage; physical damage to personal property and effects within their Home caused by flooding; diminution in the value of their Home, including its un-insurability; complying with local ordinances requiring Plaintiffs to either move their Home entirely or raise it above the BFE; and subjecting Plaintiffs to further and continuous risk of future flooding events.

WHEREFORE, as to Count IV of this Petition, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendant Sheppard and award Plaintiffs compensatory damages in an amount in excess of $25,000, the exact amount of which will be determined at trial, together with interest, court costs, and for any such other and further relief that this Court deems just and proper under the circumstances.

### *COUNT V – FRAUDULENT MISREPRESENTATION (BETWEEN 2018 AND 2019)*

Electronically Filed - St Charles Circuit Div - December 29, 2022 - 08:55 AM

74.     Plaintiffs incorporate by reference the allegations set forth in paragraph 1 through 31 as if fully re-stated herein.

75.     Between November 2018 and the end of April 2019, Defendant Sheppard entered into a business transaction with Plaintiffs pursuant to which Defendant Sheppard provided land surveying services to Plaintiffs.

76.     The land surveying services performed by Defendant Sheppard included re-evaluating the building, flood, and land grade elevation levels of the property relative to Plaintiffs' Home.

77.     Sometime between the Fall of 2018 and the Spring of 2019, Defendant Sheppard realized that it significantly miscalculated the elevation levels it previously represented to Plaintiffs prior to and during the time Plaintiffs were renovating and constructing their Home.

78.     Defendant Sheppard had superior knowledge and information relative to Plaintiffs regarding the true building, flood, and land grade elevation levels of the property, in that Defendant Sheppard was specifically hired, as professionals, to determine the measurements pursuant to the land surveying services it agreed to provide to Plaintiffs.

79.     Having performed land surveying services for Plaintiffs in the past, Defendant Sheppard knew, or reasonably should have known, that Plaintiffs expected and needed to promptly obtain information regarding the true building, flood, and land grade elevations of the property relative to their Home in order to undertake necessary and foreseeable efforts to protect the Home from flooding and to comply with St. Charles County ordinances regulating building elevations and 100-year floodplains.

80.     Defendant Sheppard was under a duty, as professional land surveyors, to promptly disclose to Plaintiffs the true building, flood, and land grade elevation levels relative to Plaintiffs' Home in light of its superior knowledge of such information.

Electronically Filed - St Charles Circuit Div - December 29, 2022 - 08:55 AM

81. After Defendant Sheppard performed its land surveying services between November 2018 and April 2019, Plaintiffs contacted Defendant Sheppard on numerous occasions to obtain the results of the land surveys, including information pertaining to the applicable building, flood, and land grade elevations relative to their Home and the issuance to new FEMA Certificates.

82. Defendant Sheppard intentionally concealed information from Plaintiffs regarding the building, flood, and land grade elevations of the property relative to Plaintiffs' Home after learning the true measurements.

83. Plaintiffs, having inferior knowledge of the true building, flood, and land grade elevation levels of the property, had a right to know how the measurements would impact their Home as it relates to flooding events and obtaining flood insurance.

84. Defendant Sheppard intentionally concealed both the defects in its initial calculations of the building, flood, and land grade elevation levels of the property relative to the Home, as well as the correct measurements upon completing its re-evaluation.

85. Because Defendant Sheppard intentionally concealed its prior miscalculations concerning the building, flood, and land grade elevations relative to Plaintiffs' Home, and further withheld from Plaintiffs the accurate measurements, Plaintiffs had insufficient time to undertake necessary and foreseeable preventative actions or other remedial measures to protect the Home from flooding, including, not limited to, the flooding in 2019.

86. As a direct and proximate result of Defendant Sheppard's intentional concealment of the true building, flood, and land grade elevations of the property, as well as its withholding of the accurate measurements, Plaintiffs sustained damages, including, but not limited to, physical damage to their Home in the form of significant flood damage; physical damage

Electronically Filed - St Charles Circuit Div - December 29, 2022 - 08:55 AM

to personal property and effects within their Home caused by flooding; diminution in the value of their Home, including its un-insurability; complying with local ordinances requiring Plaintiffs to either move their Home entirely or raise it above the BFE; and subjecting Plaintiffs to further and continuous risk of future flooding events.

WHEREFORE, as to Count V of this Petition, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendant Sheppard and award Plaintiffs compensatory damages in an amount in excess of $25,000, the exact amount of which will be determined at trial, together with interest, court costs, and for any such other and further relief that this Court deems just and proper under the circumstances.

### COUNT VI – BREACH OF ORAL CONTRACT (BETWEEN 2003 AND 2004)

87.    Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 31 as if fully re-stated herein.

88.    Plaintiffs and Defendant Sheppard entered into an oral contract which obligated Defendant Sheppard to provide certain land surveying services to Plaintiffs.

89.    Pursuant to said oral contract, Defendant Sheppard, by and through its land surveyors, was to determine the building, flood, and land grade elevation levels of the property relative to Plaintiffs' Home, so that Plaintiffs could construct their Home at a height a certain distance above the BFE, comply with local St. Charles County ordinances, and purchase flood insurance that is not cost prohibitive.

90.    The parties understood that Plaintiffs would rely on Defendant Sheppard to determine, certify, and provide to Plaintiffs precise, accurate, and reliable building, flood, and land grade elevation measurements.

Electronically Filed - St Charles Circuit Div - December 29, 2022 - 08:55 AM

91.    Plaintiffs did in fact rely on the building, flood, and land grade elevation levels certified and represented to them as true by Defendant Sheppard in order to construct their Home at a level which they believed was several feet above the BFE.

92.    Plaintiffs complied with and performed their obligations under the contract and all conditions precedent have been satisfied.

93.    Plaintiffs paid valuable consideration to Defendant Sheppard for its land surveying services.

94.    Defendant Sheppard breached its contract with Plaintiffs by determining, certifying, and representing to Plaintiffs imprecise, inaccurate, and unreliable building, flood, and land grade elevation levels as well as issuing Plaintiffs inaccurate FEMA Certificates containing such information.

95.    As a direct and proximate result of Defendant Sheppard's breach of contract, Plaintiffs constructed their Home below the BFE and at an elevation several feet lower than what was certified to them as true, resulting in their Home being subject to flooding, including, but not limited to, the flooding in 2019.

96.    As a direct and proximate result of Defendant Sheppard's breach of contract, Plaintiffs sustained significant damages, including, but not limited to, physical damage to their Home in the form of significant flood damage; physical damage to personal property and effects within their Home caused by flooding; diminution in the value of their Home, including its un-insurability; complying with local ordinances requiring Plaintiffs to either move their Home entirely or raise it above the BFE; and subjecting Plaintiffs to further and continuous risk of future flooding events.

Electronically Filed - St Charles Circuit Div - December 29, 2022 - 08:55 AM

WHEREFORE, as to Count VI of this Petition, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendant Sheppard and award Plaintiffs compensatory damages in an amount in excess of $25,000, the exact amount of which will be determined at trial, together with interest at a rate of nine percent per annum pursuant to Mo. Ann. Stat. § 408.040, court costs, and for any such other and further relief that this Court deems just and proper under the circumstances.

### COUNT VII – BREACH OF ORAL CONTRACT (BETWEEN 2018 AND 2019)

97.   Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 31 as if fully re-stated herein.

98.   Plaintiffs and Defendant Sheppard entered into an oral contract between November 2018 and April 2019, which obligated Defendant Sheppard to provide land surveying services to Plaintiffs.

99.   The services under the oral contract included Defendant Sheppard's re-evaluating and providing Plaintiffs with updated building, flood, and land grade elevation measurements relative to Plaintiff's Home.

100.   While performing its land surveying services pursuant to the agreement with Plaintiffs between the Fall of 2018 and the Spring of 2019, Defendant Sheppard realized that it significantly miscalculated the elevation levels it represented to Plaintiffs prior to and during the time Plaintiffs were renovating and constructing their Home.

101.   Defendant Sheppard then failed to disclose and/or concealed this information from Plaintiffs regarding the true building, flood, and land grade elevations of the property.

102.   Having provided land surveying services to Plaintiffs in the past, Defendant Sheppard knew, or reasonably should have known, that prompt disclosure of the property's building,

Electronically Filed - St Charles Circuit Div - December 29, 2022 - 08:55 AM

flood, and land grade elevations was an expectation of Plaintiffs and was necessary for Plaintiffs to protect their Home from flooding, comply with local St. Charles County ordinances regulating building elevations and 100-year floodplains, and purchase flood insurance that is not cost prohibitive.

103. Timely notifying Plaintiffs of the building, flood, and land grade elevation levels of the property became a custom and practice over the course of Plaintiff and Defendant Sheppard's oral agreements with respect to land surveys.

104. Defendant Sheppard's failure to disclose and/or concealment of information concerning the true building, flood, and land grade elevation levels of the property constituted a breach of contract and a breach of Defendant Sheppard's duty of good faith and fair dealing.

105. As a direct and proximate result of Defendant Sheppard's breach of contract and breach of its duty of good faith and fair dealing, Plaintiffs were unaware of any miscalculations concerning the building, flood, and land grade elevation levels of the property and, therefore, had insufficient time to undertake necessary and foreseeable preventative action or other remedial measures to protect their Home from flooding, including, but not limited to, the flooding in 2019.

106. As a direct and proximate result of Defendant Sheppard's breach of contract and breach of its duty of good faith and fair dealing, Plaintiffs sustained significant damages, including, but not limited to, physical damage to their Home in the form of significant flood damage; physical damage to personal property and effects within their Home caused by flooding; diminution in the value of their Home, including its un-insurability; complying with local ordinances requiring Plaintiffs to either move their Home entirely or raise it above the BFE; and subjecting Plaintiffs to further and continuous risk of future flooding events.

Electronically Filed - St Charles Circuit Div - December 29, 2022 - 08:55 AM

WHEREFORE, as to Count VII of this Petition, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendant Sheppard and award Plaintiffs compensatory damages in an amount in excess of $25,000, the exact amount of which will be determined at trial, together with interest at a rate of nine percent per annum pursuant to Mo. Ann. Stat. § 408.040, court costs, and for any such other and further relief that this Court deems just and proper under the circumstances.

### COUNT VIII – VIOLATIONS OF THE
### MISSOURI MERCHANDISING PRACTICES ACT
### (BETWEEN 2003 AND 2004)

107. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 31 as if fully re-stated herein.

108. Around the time Plaintiffs began renovating and constructing their Home, Plaintiffs entered into an oral agreement with Defendant Sheppard through which Plaintiffs paid Defendant Sheppard valuable consideration.

109. Pursuant to this agreement, Defendant Sheppard was to determine and certify precise, accurate, and reliable building, flood, and land grade elevation levels of the property relative to Plaintiffs' Home and issue FEMA Certificates to Plaintiffs which identified those elevation levels.

110. The objective of the agreement was for Plaintiffs to be issued precise, accurate, and reliable FEMA Certificates so that Plaintiffs could construct their Home at a certain height above the property's BFE.

111. Defendant Sheppard was aware, or reasonably should have been aware, that it was of importance and value to Plaintiffs that they be issued precise, accurate, and reliable FEMA Certificates relative to the renovation and construction of their Home.

Electronically Filed - St Charles Circuit Div - December 29, 2022 - 08:55 AM

112.    Upon conclusion of the land surveying services Defendant Sheppard provided to Plaintiffs prior to and during the renovation and construction of Plaintiff's Home, Defendant Sheppard misrepresented to Plaintiffs the building, flood, and land grade elevation levels of the property.

113.    The miscalculated elevation levels were further incorporated into the FEMA Certificates Defendant Sheppard issued to Plaintiffs.

114.    The building, flood, and land grade elevation levels Defendant Sheppard certified and represented to Plaintiffs as true prior to and during the renovation and construction of Plaintiffs' Home were imprecise, inaccurate, and unreliable.

115.    Plaintiffs relied on the inaccurate building, flood, and land grade elevation levels represented to them by Defendant Sheppard for their personal use in constructing their Home.

116.    As a direct and proximate result of Defendant Sheppard's misrepresentations concerning the property's building, flood, and land grade elevation levels prior to and during the renovation and construction of Plaintiffs' Home, Plaintiffs constructed their Home below the BFE and at an elevation several feet lower than what had been certified to them as true.

117.    Defendant Sheppard's errors with respect to the building, flood, and land grade elevation levels of the property directly resulted in Plaintiffs' Home now being subject to a continuous risk of flooding, including, but not limited to, the flooding in 2019.

118.    As a direct and proximate result of Defendant Sheppard's misrepresentations concerning the building, flood, and land grade elevations of the property prior to and during the renovation and construction of Plaintiffs' Home, Plaintiffs sustained an ascertainable financial loss.

Electronically Filed - St Charles Circuit Div - December 29, 2022 - 08:55 AM

119.    Plaintiffs' damages include, but are not limited to, physical damage to their Home in the form of significant flood damage; physical damage to personal property and effects within their Home caused by flooding; diminution in the value of their Home, including its un-insurability; complying with local ordinances requiring Plaintiffs to either move their Home entirely or raise it above the BFE; and subjecting Plaintiffs to further and continuous risk of future flooding events.

WHEREFORE, as to Count VIII of this Petition, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendant Sheppard and award Plaintiffs compensatory damages in an amount in excess of $25,000, the exact amount of which will be determined at trial, together with interest at a rate of nine percent per annum pursuant to Mo. Ann. Stat. § 408.040, court costs, reasonable attorney's fees, and for any such other and further relief that this Court deems just and proper under the circumstances.

### COUNT IX – VIOLATIONS OF THE
### MISSOURI MERCHANDISING PRACTICES ACT
### (BETWEEN 2018 AND 2019)

120.    Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 31 as if fully re-stated herein.

121.    Sometime between the beginning of November 2018 and the end of April 2019, Plaintiffs and Defendant Sheppard entered into an oral agreement pursuant to which Defendant Sheppard was to re-evaluate the building, flood, and land grade elevation levels of the property relative to Plaintiffs' Home and issue Plaintiffs updated FEMA Certificates identifying those measurements.

Electronically Filed - St Charles Circuit Div - December 29, 2022 - 08:55 AM

122. During this time, Defendant Sheppard realized that it significantly miscalculated the elevation levels it represented to Plaintiffs prior to and during the time Plaintiffs were renovating and constructing their Home.

123. Defendant Sheppard then failed to disclose and/or concealed information from Plaintiffs regarding the true building, flood, and land grade elevations levels of the property.

124. Defendant Sheppard was aware, or should have been aware, that its services to Plaintiffs regarding its re-evaluation of the building, flood, and land grade elevation levels of the property would be of more value to Plaintiffs if it gave Plaintiffs timely notice of the true elevation levels.

125. Having provided land surveying services to Plaintiffs in the past, and being aware of the fact that Plaintiffs' Home was constructed within a 100-year floodplain, Defendant Sheppard understood that Plaintiffs would rely on Defendant Sheppard to promptly advise them of any mistakes with respect to Defendant Sheppard's calculation of the building, flood, and land grade elevation levels of the property so that Plaintiffs could undertake necessary and foreseeable action to protect their Home from flooding, comply with local St. Charles County ordinances, and obtain flood insurance that is not cost prohibitive.

126. Plaintiffs did in fact rely on Defendant Sheppard to timely disclose the true and accurate building, flood, and land grade elevation levels of the property; in fact, Plaintiffs contacted Defendant Sheppard on multiple occasions to learn the results of the land surveys following Defendant Sheppard's re-evaluation of the property so that Plaintiffs could obtain updated FEMA Certificates.

127. As a direct and proximate result of Defendant Sheppard's failure to timely disclose and/or concealment of information from Plaintiffs concerning the true building, flood, and land

Electronically Filed - St Charles Circuit Div - December 29, 2022 - 08:55 AM

grade elevation levels of the property, Plaintiffs had insufficient time to undertake necessary and foreseeable preventative action or other remedial measures to protect their Home from flooding, including, not limited to, the flooding in 2019.

128.   As a direct and proximate result of Defendant Sheppard's failure to timely disclose and/or concealment of information from Plaintiffs concerning the true building, flood, and land grade elevations of the property, Plaintiffs sustained an ascertainable financial loss.

129.   Plaintiffs' damages include, but are not limited to, physical damage to their Home in the form of significant flood damage; physical damage to personal property and effects within their Home caused by flooding; diminution in the value of their Home, including its un-insurability; complying with local ordinances requiring Plaintiffs to either move their Home entirely or raise it above the BFE; and subjecting Plaintiffs to further and continuous risk of future flooding events.

WHEREFORE, as to Count IX of this Petition, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendant Sheppard and award Plaintiffs compensatory damages in an amount in excess of $25,000, the exact amount of which will be determined at trial, together with interest at a rate of nine percent per annum pursuant to Mo. Ann. Stat. § 408.040, court costs, reasonable attorney's fees, and for any such other and further relief that this Court deems just and proper under the circumstances.

Electronically Filed - St Charles Circuit Div - December 29, 2022 - 08:55 AM

/s/ Nicholas P. Meriage

Nicholas P. Meriage   #66077
Max Knudsen   #72886
PITZER SNODGRASS, P.C.
Attorneys for Plaintiff
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: meriage@pspclaw.com
Email: knudsen@pspclaw.com

I, the undersigned, certify that the original pleading was signed by the attorney of record and a copy of the foregoing has been electronically served on all counsel of record via the Missouri eFiling System, or U.S. mail for parties not registered for the Missouri eFiling System, on this 29th day of December, 2022:

/s/ Nicholas P. Meriage