UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN K. DOUTHIT, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-143-MTS |
| | ) |
| SHEPPARD, MORGAN & SCHWAAB, INC., | ) |
| | ) |
| Defendant. | ) |

### **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Sheppard, Morgan & Schwaab, Inc.'s Motion to Dismiss, Doc. [8], Counts I, III, VI, and VIII of Plaintiffs' Petition under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court grants the Motion.

**I.   BACKGROUND**

This case concerns claims by Plaintiffs John K. Douthit and Dianna L. Douthit (collectively, "Plaintiffs") against Defendant Sheppard, Morgan & Scwaab, Inc. ("Defendant") for conduct regarding Defendant's land surveying services.

In March 2003, Plaintiffs purchased land in Missouri with the goal of renovating an existing structure on the property into what was intended to become their "dream home." Doc. [5] ¶¶ 6–7. Before beginning the lengthy construction and renovation process, Plaintiffs hired Defendant to conduct land surveys of the property relative to the building, flood, and land grade elevation levels. Defendant conducted surveys between 2003 and 2004. Based on Defendant's measurements, Plaintiffs obtained building permits to construct their home above the property's base flood elevation level.[1]

---

[1] Plaintiffs' home was not substantially complete nor ready to be moved into until December 2014. *Id.* ¶ 14.

1

Between 2018 and 2019, Defendant re-evaluated the elevation levels of Plaintiffs' home. Upon re-evaluation, Defendant allegedly learned of errors it made during its prior 2003/2004 surveys. According to Plaintiffs, Defendant then "withh[e]ld the information" from Plaintiffs for "a period of time," preventing Plaintiffs "from taking necessary and foreseeable measures to protect their [h]ome from future flooding events." *Id.* ¶¶ 19–20. In June 2019, "a series of significant flooding events occurred on the property" and caused "significant property damage" to Plaintiffs' home. *Id.* ¶ 21.

In February 2023, Plaintiffs filed an action against Defendant based on the 2003/2004 and 2018/2019 land surveys. Doc. [5]. Plaintiffs filed a nine-count Petition under Missouri law for negligent performance of land surveying services (Counts I & II), negligent misrepresentation (Counts III & IV), fraudulent misrepresentation (Count V), breach of oral contract (Count VI & VII), and violations of the Missouri Merchandising Practices Act (Count VIII & IX). *Id.* In the current Motion, Defendant seeks to dismiss Plaintiffs' claims concerning the 2003/2004 land surveys (Counts I, III, VI, and VIII), arguing the claims are time-barred. Doc. [8]. Specifically, Defendant argues those claims are "all barred by the ten-year Statute of Repose applicable to actions to recover damages for an error or omission in a land survey" found in Mo. Rev. Stat. § 516.098. *Id.* at 1.

**II.    LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a pleading to state a claim for relief it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint must contain facts sufficient to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim has "facial plausibility" when the plaintiff pleads factual content that allows the court to draw the "reasonable inference" that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court must assume all factual allegations in the complaint are true when considering a Rule 12(b)(6) motion, *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989) & *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014), the Court "need not accept as true plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

**III.   DISCUSSION**

The issue presented here is whether application of the amended version of Mo. Rev. Stat. § 516.098 to bar Plaintiffs' post-amendment action based on pre-amendment land surveys is impermissible retrospective application. The Court concludes it is not, and that Section 516.098 bars Plaintiffs' claims based on Defendant's 2003/2004 land survey errors.

At the time Defendant conducted the 2003/2004 land surveys, the applicable statute required an action "to recover damages for an error or omission in the survey of land" to be brought within "five years *after the discovery of the error or omission*." Mo. Rev. Stat. § 516.098 (2004) (emphasis added). In 2011, the Missouri state legislature amended the statute to require an action "to recover damages for an error or omission in the survey of land" to be brought within "ten years from the *completion of the survey*." Mo. Rev. Stat. § 516.098 (2023) (emphasis added). The effect of the amendment changed the trigger of the period in which a party can bring a claim for errors in a land survey. This was the only change to the statute.

3

The parties agree amended Section 516.098 is a statute of repose[2] and is to be applied prospectively, not retrospectively.[3] *See Grosshart v. Kansas City Power & Light Co.*, 623 S.W.3d 160, 171 (Mo. Ct. App. 2021). The parties, however, disagree on the practical meaning of retrospective application and thus, proper application of the amended statute.

Plaintiffs argue application of amended Section 516.098 to bar their claims is improper retrospective application because it would eliminate Plaintiffs' cause of action for land survey errors that were previously actionable under the pre-amendment statute.[4] Defendant argues application of the amended statute to bar Plaintiffs' claim is not retrospective application because Plaintiffs had no vested right in a cause of action that did not "accrue" prior to the amendment. Doc. [9] at 2. While Defendant's argument is not directly on the mark, its position is correct.

The Supreme Court of Missouri defined "retrospective laws" as "those which take away or impair vested rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability in respect to transactions or considerations already past." *Garozzo v.*

---

[2] The amended Section 516.098 is a "classic example of a statute of repose," *Ambers-Phillips v. SSM DePaul Health Center*, 459 S.W.3d 901, 906 (Mo. banc 2015), because it eliminates any action for land surveying errors "ten years from the completion of the survey," Mo. Rev. Stat. § 516.098 (2023). *See also Blaske v. Smith & Entzeroth, Inc.*, 821 S.W.2d 822, 834 (Mo. banc 1991) (explaining a statute of repose "eliminates the cause of action altogether after a certain period of time following a specified event" and "importantly" may eliminate a cause of action "before the plaintiffs' injury and thus before plaintiffs' cause of action accrues").

[3] "The Missouri Constitution prohibits laws that are retrospective *in operation.*" *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 769 (Mo. banc 2007) (citing Mo. Const. art. 1, section 13 ("That no ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges or immunities, can be enacted.")). Thus, courts in Missouri presume amendments to statutes operate prospectively, but two exceptions exist: (1) if the legislature "clearly expresses" an intent that the amendment be given retrospective application, either in the express language of the act or by necessary implication; or (2) the statute is merely procedural or remedial, rather than substantive. *Brummett v. Burberry Ltd.*, 597 S.W.3d 295, 313 (Mo. Ct. App. 2019) (citing *State ex rel. D&D Distributors, LLC v. Mo. Comm'n on Human Rights*, 579 S.W.3d 318, 324 (Mo. Ct. App. 2019)). Here, neither exception applies because the legislature did not clearly express Section 516.098 to be given retrospective application and "Missouri characterizes statutes of repose as substantive," *Grosshart v. Kansas City Power & Light Co.*, 623 S.W.3d 160, 171 (Mo. Ct. App. 2021) (citing *Blaske*, 821 S.W.2d at 834 & *Ambers-Phillips*, 459 S.W.3d at 907).

[4] *See, e.g.*, Doc. [11] at 7 ("the amendment takes away the [Plaintiffs'] substantive rights to bring claims for erroneous land surveys predating the amendments").

*Mo. Dep't of Ins., Fin. Insts. & Pro. Registration, Div. of Fin.*, 389 S.W.3d 660, 665 (Mo. banc 2013); *Mo. Real Est. Comm'n v. Rayford*, 307 S.W.3d 686, 690 (Mo. Ct. App. 2010). "This test is disjunctive—a statute is retrospective in operation if either: (1) a vested or substantial right, acquired under existing laws, which the new statute impairs or takes away, *or* (2) the new statute imposes new obligations, duties or disabilities as to past transactions." *Four Seasons Racquet & Country Club Prop. Owners Ass'n, Inc. v. Butler*, 539 S.W.3d 122, 129 (Mo. Ct. App. 2018) (citing *State v. Young*, 362 S.W.3d 386, 390 (Mo. banc 2012)). Plaintiffs cannot show either of the two situations here, meaning application of amended Section 516.098 to bar Plaintiffs' claims for 2003/2004 land surveys is *not* retrospective in operation.

First, application of amended Section 516.098 does not "take away" or "impair" Plaintiffs' alleged "vested right" in an action for land survey errors. Simply, because Plaintiff did not acquire a vested right under the pre-amendment version of Section 516.098. Both the language of pre-amendment Section 516.098 and the facts of this case support the Court's conclusion.

Pre-amendment Section 516.098, the statute in effect at the time Defendant conducted the 2003/2004 land surveys, required an action for land survey errors to be brought within "five years *after the discovery of the error or omission*." Mo. Rev. Stat. § 516.098 (2004) (emphasis added). Under the plain language of that statute, Plaintiffs had nothing more than a "mere expectation based upon continuance of the existing law" that they could bring an action against Defendant should they later find an error in the 2003/2004 surveys. *Rayford*, 307 S.W.3d at 690 ("a vested right 'must be something more than a mere expectation based upon an anticipated continuance of the existing law.' (quoting *Fisher v. Reorganized Sch. Dist. No. R-V of Grundy Cnty.*, 567 S.W.2d 647, 649 (Mo. banc 1978))). In other words, Plaintiffs had no "vested" right in a *potential* cause of action. And, surely, Plaintiffs "had no vested right in the law remaining unchanged." *Doe v.*

5

*Phillips*, 194 S.W.3d 833, 852 (Mo. banc 2006).  Of course, had Plaintiffs discovered the survey errors at any point *prior* to the 2011 amendment (and then timely filed an action), the Court's conclusion would be different here.  But Plaintiffs did not discover the survey errors until 2019—eight years post-amendment.[5]  Applying the statute this way does not bar the courts to a plaintiff with a valid cause of action; rather, it modifies the statute to provide that there is no such cause of action.  That is not retrospective application.

Casting even further doubt on Plaintiffs' argument is the posture of both statutes.  Unlike amended Section 516.098, which is a statute of repose, the pre-amendment version of Section 516.098 was a statute of limitation,[6] which "allows the cause of action to accrue and then cuts off the claim if suit is not filed within a certain period of time." *Blaske v. Smith & Entzeroth, Inc.*, 821 S.W.2d 822, 834 (Mo. banc 1991); *see also* Mo. Rev. Stat. § 516.098 (2004) (cutting off cause of action for land survey errors if brought "more than five years after the *discovery* of the error") (emphasis added).  Under the pre-amendment statute, the time for a plaintiff to bring a claim was "indefinite and indeterminate."[7] *La-Z-Boy Chair Co. v. Dir. of Econ. Dev.*, 983 S.W.2d 523, 525

---

[5] The converse is true, too.  Had Plaintiffs discovered the error, for example, in 2005, and failed to timely file suit in 2010, Plaintiffs could not bring suit in 2012 under the *amended* statute claiming their cause of action is valid because they brought suit within ten years of the survey.  *See Doe v. Roman Cath. Diocese of Jefferson City*, 862 S.W.2d 338, 341 (Mo. banc 1993) ("once the original statute of limitations expires and bars the plaintiff's action, the defendant has acquired a vested right to be free from suit, a right that is substantive in nature, and therefore, [Missouri's constitution] prohibits the legislative revival of the cause of action.").

[6] The Court notes the parties "fail[ed] to distinguish the basic difference between a statute of limitations and a statute of repose," *Blaske*, 821 S.W.2d at 834, or understand the "philosophical and conceptual differences between" the two, *Ambers-Phillips*, 459 S.W.3d at 907.  *See also Hansen v. Sears, Roebuck & Co.*, 574 F. Supp. 641, 643 (E.D. Mo. 1983) ("There is a subtle, but significant, distinction between a statute of limitation and a statute of repose."); *CTS Corp. v. Waldburger*, 573 U.S. 1, 7–18 (2014) (explaining the differences between statute of repose and limitation because "each has a distinct purpose and each is targeted at a different actor").  "A statute of limitations allows the cause of action to accrue and then cuts off the claim if suit is not filed within a certain period of time. A statute of repose eliminates the cause of action altogether after a certain period of time following a specified event." *Ambers-Phillips*, 459 S.W.3d at 908 (quoting *Blaske*, 821 S.W.2d at 834).

[7] Given this "indefinite and indeterminate" period of limitation here, it is no surprise that with the 2011 amendment, the legislature expressly intended to make actions for land survey errors subject to a statute of repose, *instead* of a statute of limitation.  *See Ambers-Phillips*, 459 S.W.3d at 907 ("[U]nlike statutes of limitations, statutes of repose 'by their nature reimpose on some plaintiffs the hardship of having a claim extinguished before it is discovered, or perhaps

(Mo. banc 1999). Thus, the pre-amendment Section 516.098, alone, could *not* have given Plaintiffs a "vested right" in the cause of action asserted here. *Id.* (concluding the statute's "indefinite and indeterminate" period is inconsistent with a "vested" right for retrospective purposes).

Second, application of amended Section 516.098 does not create any new obligation, duty, or disability to past land surveys, even though it may bar actions for pre-amendment land surveys. "A statute which does not . . . impose a new or greater duty is not unconstitutionally retrospective merely because it relates to prior facts or transactions." *Rayford*, 307 S.W.3d at 693 (quoting *State Bd. of Registration for Healing Arts v. Boston*, 72 S.W.3d 260, 265–66 (Mo. Ct. App. 2002). Indeed, "a statute is not retrospective because it merely relates to prior facts or transactions but does not change their legal effect, or because some of the requisites for its action are drawn from a time antecedent to its passage, or because it fixes the status of a person for the purpose of its operation." *Rayford*, 307 S.W.3d at 693. Just "[b]ecause this case operates entirely on facts subsequent to the [] amendment[], [amended Section 516.098] is not a retrospective law as applied to this claim." *Accident Fund Ins. Co. v. Casey*, 550 S.W.3d 76, 82 (Mo. banc 2018) (explaining facts "antecedent to the amendments does not render the law retrospective"). In conclusion, amended Section 516.098 is not retrospective in its operation as to persons that did not discover a survey error prior to its passage.

### Conclusion

Mo. Rev. Stat. § 516.098 bars Plaintiffs' claims (Counts I, III, VI, and VIII) against Defendant for errors in the 2003/2004 land surveys. Under the facts here, Section 516.098 is not

---

before it even exists.'" (quoting *W. Page Keeton et al., Prosser & Keeton on the Law of Torts* § 30, at 168 (5th ed. 1984))); *Grosshart*, 623 S.W.3d at 173 (explaining courts treat "statutes of repose as substantive because the time limitation runs from the defendant's last act giving rise to the claim, not, as in the case of a statute of limitation, from the time of the injury or discovery of the injury").

impermissibly retrospective in its operation because Section 516.098 does not take away or impair a vested or substantial right or impose a new obligation, duty, or disability with respect to a past transaction. *Garozzo*, 389 S.W.3d at 665.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Sheppard, Morgan & Schwaab, Inc.'s Motion to Dismiss, Doc. [8], is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties' Motions to file sur-reply's, Docs. [13] & [14], are **GRANTED**.

Dated this 28th day of April, 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE